Law Office of James R. Vaughan, P.C.
Ryan A. Dorn, SBN 034017
11445 E. Via Linda, Suite 2-610
Scottsdale, AZ 85259
Telephone (602) 279-0778 | (866) 833-9411
Fax (602) 279-0788
Email: Attorney@RecoveryAtty.com
*Attorneys for Objecting Creditor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: MARK ALLAN DALLMAN DEBRA ANN DALLMAN | Chapter 13 Proceedings |
| | No. 2:24-bk-02595-SHG |
| | **OBJECTION TO CHAPTER 13 PLAN** |

Lafayette Federal Credit Union ("Creditor") hereby objects to the Debtors Chapter 13 Plan due to Mark Allan Dallman and Debra Ann Dallman's ("Debtors") improper classification of Creditors claim. The Creditor holds a fully secured lien in property located at 18420 W Pasadena Ave, Litchfield Park AZ 85340 including the inground pool located at the home ("Creditor's Property") pursuant to a valid contract and recorded U.C.C. Financing Statements. The Debtor is or should be aware of Creditor's fully secured position.

Pursuant to 11 U.S.C. § 506, the Creditor's claim is fully secured. Subsection (a) of §506 provides that a claim secured by a lien on property is a secured claim to the extent of the value of such creditor's interest in the estates

interest in such property and is unsecured to the extent that the value of such creditor's interest or the amount subject to setoff is less than the amount of such allowed claims. Further, section (b) of §506 provides that if the value of the property securing a claim exceeds the value of the claim, then the holder of the claim shall be allowed interest and reasonable fees, costs, or charges provided under the agreement or state statute. The court may only confirm a plan that distributes on account of a secured claim "not less than the allowed amount of such claim" 11 U.S.C 1325(a)(5).

In this case Creditor's claim appears to be fully secured under 11 U.S.C §506. The value of the Creditor's Property has not been scheduled in the Debtor's Schedules and Statements, however Creditor believes it exceeds the amount owed to Creditor. As Creditor's claim is less than the value of the property securing the claim Creditor can also seek interest and reasonable costs and fees under §506(b).

The Chapter 13 plan filed in this case and supporting schedules do not include Creditor's claim with secured treatment.

Therefore, the Creditor respectfully requests that the Court deny confirmation of the Plan and require that the Debtor provide payment under the

terms of any modified plan that includes full payment of the Creditor's allowed claim, as an unmodified secure claim, including interest.

RESPECTFULLY SIGNED <u>May 20, 2024</u>

<u>/s/ Ryan Allen Dorn</u>
Ryan A Dorn, SBN 034017
11445 E Via Linda, Ste 2-610
Scottsdale AZ 85259
*Attorney for Lafayette Federal Credit Union*

**CERTIFICATE OF SERVICE**

On that same date, the foregoing document and any attachments were filed electronically with the United States Bankruptcy Court, which caused electronic notice of the filing to be delivered to counsel for the Debtor, Trustee, and any other party who has appeared in this case. Additionally, the document was deposited postage pre-paid with the United States Postal service, first class mail, to any parties indicated below.

Signed in Scottsdale, Arizona.           LAW OFFICE OF JAMES R. VAUGHAN, P.C.

<u>/s/ Ryan Allen Dorn</u>
Employee of Attorney for Plaintiff

2:24-bk-02595-SHG                    Page 3 of 3                    Objection to Chapter 13 Plan
Case 2:24-bk-02595-SHG   Doc 16   Filed 05/31/24   Entered 05/31/24 12:00:41   Desc
Main Document    Page 3 of 3