
THIS ORDER IS APPROVED.

Dated: December 18, 2024

Scott H. Gan, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

MARK ALLAN DALLMAN,
DEBRA ANN DALLMAN,

Debtors.

In Proceedings Under Chapter 13

Case No. 2:24-bk-02595-SHG

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPROVAL OF ATTORNEY FEES**

The Chapter 13 Plan ("Plan") having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN**. Debtors shall submit the following amount of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Payments |
|---|---|
| 1-60 | $1,610.00 |

The payments are due on or before the 4th day of each month commencing May, 2024. Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their federal and state income tax returns, for post-petition tax years 2024-2028, within 30 days of filing them.

(2) Other Property. The Debtors shall turnover to the Trustee any non-exempt net tax refunds received for tax years 2024-2028 as supplemental plan payments. In the event that other property is submitted, it shall be treated as supplemental plan payments.

(B) **DURATION**. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

*In re: Mark and Debra Dallman*
*Case No. 2:24-bk-02595-SHG*


(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. **The Plan and this Order shall not constitute an informal proof of claim for any creditor.** This Order does not allow claims. Claim allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses.</u>
<u>Attorney Fees</u>. Oswalt Law Group, PC, shall be allowed total compensation of $4,500.00 as a flat fee. Counsel received $2,500.00 prior to filing this case and will be paid $2,000.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>:
(a) M&T Bank, secured by a first deed of trust in the Debtors' residence, shall be paid post-petition mortgage fees, expenses, and charges of $1,212.66 with 0% interest. Regular post-petition mortgage payments including post-petition fees, expenses, and charges, shall be paid directly by the Debtors to the secured Creditor.

(b) Azure Canyon Homeowners Association, secured by the Debtors' residence, shall be paid regular post-petition payments including post-petition fees, expenses, and charges, directly by the Debtors to the secured Creditor.

(3) <u>Claims Secured by Personal Property</u>:
(a) Carvana, LLC / Bridgecrest c/o AIS Portfolio Services, LLC, secured by a lien in a 2020 Ford Edge SE Sport Utility 4D, shall be paid a secured claim of $22,225.63 with 7.2% interest. The creditor shall receive adequate protection payments in the amount of $169.00 per month.

(b) Credit Union West, secured by a lien in a 2022 Ram 1500 Crew Cab Big Horn Pickup, shall be paid a secured claim of $38,819.87 with 4.9% interest. The creditor shall receive adequate protection payments in the amount of $316.00 per month.

(c) Quantum3 Group LLC as agent for Goodleap, secured by solar panels, shall be paid regular post-petition payments directly by the Debtors to the secured Creditor.

(4) <u>Unsecured Priority Claims</u>:
(a) Arizona Department of Revenue shall be paid an unsecured priority claim of $1,923.00 with 0% interest for state income taxes. The balance of the claim shall be classified as unsecured non-priority debt.

(b) Louisiana Department of Revenue shall be paid an unsecured priority claim of $1,498.41 with 0% interest for state income taxes. The balance of the claim shall be classified as unsecured non-priority debt.

(5) <u>Surrendered Property.</u>
Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need

not make any distributions to that creditor. Debtors surrender the following property: None.

(6) <u>Other Provisions</u>: None

(7) <u>Unsecured Non-priority Claims</u>. Claims allowance is determined by §502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in the Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. §1306.

## ORDER DATED AND SIGNED ABOVE

APPROVED AS TO FORM AND CONTENT BY:

_____
Edward J. Maney, Trustee

_____
Eric Thieroff, Esq., Attorney for Debtors

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_/s/ Mark Dallman_
Mark Allan Dallman, Debtor

_/s/ Debra Dallman_
Debra Ann Dallman, Debtor

*In re: Mark and Debra Dallman*
*Case No. 2:24-bk-02595-SHG*

Case 2:24-bk-02595-SHG   Doc 35   Filed 12/18/24   Entered 12/18/24 15:44:24   Desc
Main Document    Page 4 of 4